**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 04 2008

at _10_ o'clock and _45_ min. _A_ M
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10727 |
| Plaintiff - Appellee, | |
| v. | DC No. CR 00-0105 HG |
| ALLEN ANDY KIMBALL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted November 1, 2007
Honolulu, Hawaii

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

Allen Andy Kimball appeals the 300-month sentence imposed by the district

court after he pled guilty to possession with intent to distribute and distribution of

crystal methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2;

money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2; and

_____

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

conspiracy in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h), and 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

I.

We reject Kimball's argument that the district court violated the Sixth Amendment when it determined the drug quantity and enhanced his sentence based upon judge-found facts. There was no constitutional violation because the district court's findings did not expose Kimball to a higher statutory maximum sentence than that authorized by his guilty plea. See United States v. Ameline, 409 F.3d 1073, 1077-78 (9th Cir. 2005) (en banc). Kimball incorrectly interprets United States v. Booker, 543 U.S. 220 (2005), to hold that the "statutory maximum" refers to the upper limit of the Guidelines sentencing range. The statutory maximum is established by the United States Code, not the high end of the Guidelines range. United States v. Ray, 484 F.3d 1168, 1171 (9th Cir. 2007).

The district court found that the drug quantity and sentence enhancements were supported by clear and convincing evidence, an even higher standard than is constitutionally required. See United States v. Kilby, 443 F.3d 1135, 1140 n.1 (9th Cir. 2006) (holding that drug quantity for sentencing purposes need only be found by a preponderance of the evidence); United States v. Ingham, 486 F.3d 1068, 1078 (9th Cir. 2007) (holding that the district court's findings of fact

supporting enhancement by a preponderance of the evidence generally satisfies due process concerns).

Kimball also contends that his sentence violated the Fifth Amendment because "having the court determine the drug quantity after [he] pled guilty to a specific amount as stated in the indictment" amounted to trying him twice for the same crime. This argument is without merit. The district court's consideration of relevant conduct in determining a defendant's sentence within the legislatively authorized punishment range does not constitute "punishment" for that conduct; therefore, it does not violate the Double Jeopardy Clause. See United States v. Watts, 519 U.S. 148, 157 (1997).

II.

Kimball contends that there was insufficient evidence to support his sentence enhancements and that the district court wrongly denied him a downward adjustment for acceptance of responsibility and safety valve relief. We reject these claims.

First, Kimball contends that the district court erroneously applied a two-level enhancement pursuant to **U.S. Sentencing Guidelines Manual ("U.S.S.G.")**[1] § 2D1.1(b)(1) based on his possession of a weapon during the commission of the

---

[1]    All citations to the U.S. Sentencing Guidelines herein refer to the 2006 Manual.

drug offenses. We are not persuaded by Kimball's argument that the government

failed to prove that he possessed any weapons during the offenses. A search

warrant executed at Kimball's residence resulted in the recovery of a 9mm

semiautomatic pistol and rounds of 9mm ammunition. Kimball failed to show that

it was "clearly improbable" that the gun was connected with the drug offenses.

See U.S.S.G. § 2D1.1 cmt. n.3; United States v. Lopez-Sandoval, 146 F.3d 712,

715-716 (9th Cir. 1998). Therefore, the district court did not err when it applied

the firearm enhancement.

Next, Kimball argues that there was insufficient evidence to support a two-

level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The

district court determined that Kimball had obstructed justice by procuring the false

testimony of codefendant Reuben Silva at Kimball's April 7, 2003, sentencing

hearing. In order to enhance a defendant's sentence for obstruction of justice, the

district court must find that the defendant provided testimony that was false,

material, and willful. See United States v. Jimenez-Ortega, 472 F.3d 1102, 1103

(9th Cir. 2007). "Material" testimony is that which, "if believed, would tend to

influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. n.6. The

testimony was material because had the district court believed Silva's false

testimony, it would have been less likely to find that Kimball played a leadership

-4-

role in the drug crimes. Therefore, the district court's finding that Kimball suborned perjury was not clearly erroneous.

Kimball also contends that the district court erred when it adjusted his sentence upward by four levels under U.S.S.G. § 3B1.1(a) based on its finding that Kimball was an organizer or leader of drug trafficking activity. Kimball maintains that an uncharged individual was the true ringleader of the drug trafficking ring and that Kimball acted as a mere go-between. Although he admitted to using drug couriers, he claims that they were hired and directed by someone else. We conclude that the enhancement was not clearly erroneous because there is evidence in the record that Kimball had decision-making authority, exercised some control over three of his codefendants, and coordinated or oversaw the procurement or distribution of large amounts of methamphetamine. See U.S.S.G. § 3B1.1 cmt. n.4 (laying out factors relevant to determination of whether defendant played a leadership role); United States v. Ponce, 51 F.3d 820, 827 (9th Cir. 1995).

Next, Kimball argues that he was entitled to a three-level downward adjustment for acceptance of responsibility because he pled guilty. The district court refused to grant this adjustment based on its finding that Kimball had suborned perjury. A defendant who enters a guilty plea is not entitled to an adjustment for acceptance of responsibility as a matter of right. U.S.S.G. § 3E1.1

cmt. n.3.[2]  Because Kimball obstructed justice, he was ineligible for a § 3E1.1 adjustment absent a showing of "extraordinary" circumstances.  See U.S.S.G. § 3E1.1 cmt. n.4; United States v. Jeter, 236 F.3d 1032, 1035 (9th Cir. 2001). Kimball failed to carry this burden.

Finally, Kimball argues that the district court erroneously denied him a two-level reduction under U.S.S.G. § 2D1.1(b)(9).  Because the district court did not clearly err in determining that Kimball possessed a firearm in connection with the drug crimes and that he played a leadership role in the offenses, he was ineligible for this adjustment.  See U.S.S.G. §§ 2D1.1(b)(9), 5C1.2(a) (listing criteria). Additionally, the Mandatory Minimum Sentencing Reform Act, 18 U.S.C. § 3553(f)(5), located in the Guidelines at § 5C1.2, which requires the district court to impose a sentence pursuant to the Guidelines without regard to the statutory mandatory minimum if the defendant has met the listed criteria, was inapplicable. See U.S.S.G. § 5C1.2.  Because Kimball's Guidelines range was well in excess of the statutory mandatory minimum for his convicted offenses, the safety valve provision does not provide him relief.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**

---

[2]    Kimball was ineligible for an adjustment under U.S.S.G. § 3E1.1(b) because the government did not make a formal motion for this adjustment.  See U.S.S.G. § 3E1.1 cmt. n.6.

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

JAN 2 2008

by
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
06-10727 USA v. Kimball

UNITED STATES OF AMERICA          Marshall H. Silverberg, Esq.
     Plaintiff - Appellee        FAX 808/541-2958
                                 808/440-9259
                                 Suite 6-100
                                 [COR NTC gov]
                                 Thomas J. Brady, Esq.
                                 FAX 808/541-2958
                                 808/541-2850
                                 Suite 6-100
                                 [COR LD NTC aus]
                                 USH - OFFICE OF THE U.S.
                                 ATTORNEY
                                 PJKK Federal Building
                                 300 Ala Moana Blvd.
                                 P.O. Box 50183
                                 Honolulu, HI 96850


     v.


ALLEN ANDY KIMBALL               DeAnna S. Dotson, Esq.
     Defendant - Appellant       FAX 808/672-5058
                                 808/391-7308
                                 [COR LD NTC cja]
                                 P.O. Box 700953
                                 Kapolei, HI 96709-0953




Docket as of November 29, 2007 11:08 pm          Page 2    NON-PUBLIC